**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 13-59 |
| | ) | |
| TROY ANDERSON, *et al.* | ) | Judge Cathy Bissoon |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 13-62 |
| | ) | |
| BRYCE HARPER, *et al.* | ) | Judge Cathy Bissoon |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

"The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13; see also United States v. Weber, 437 F.2d 327, 331 (3d Cir. 1970) ("[Rule 13] grants the trial court wide discretion to consolidate indictments, provided that all the counts could have been joined in a single indictment under Rule 8."). Under Rule 8, defendants can be joined in one indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The United States has moved for the consolidation of Criminal Action Nos. 13-59 and 13-62.

Defendant Felder notes that Criminal Action No. 13-62 contains more charges than Criminal Action No. 13-59, and asserts that the "introduction of evidence pertinent only to the

other defendants will leave the jury so confused as to be unable to make an 'individualized determination' of" his guilt or innocence. Def.'s Resp. (No. 13-59, Doc. 162) at ¶ 5. He argues that he will be prejudiced by the danger of "spillover" if these two cases are joined. Id. The Court understands that it is Mr. Felder's codefendant, Troy Anderson, and not Mr. Felder, who serves as the link between the two criminal actions at issue here. As it is not asserted that Mr. Felder engaged in a conspiracy with any of the defendants in Criminal Action No. 13-62, the Court does not see a significant risk that the jury will be unable to separate the various allegations and proofs. Nonetheless, the Court finds that any potential risk of prejudice to Mr. Felder can be cured by the use of proper and clear limiting instructions. See Zafiro v. United States, 506 U.S. 534, 540 (1993) (finding that limiting instructions will "often suffice to cure any risk of prejudice" resulting from joinder, as "juries are presumed to follow their instructions"). Moreover, any such risk here is far outweighed by the interests of judicial economy. See United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991) ("The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy."). While Rule 14 permits a Court to order separate trials if consolidation "appears to prejudice a defendant," the Court disagrees that separate trials are necessary in this case. Fed. R. Crim. P. 14.

Mr. Felder further argues that consolidation would unduly delay his trial. The constraints of the Speedy Trial Act are being diligently followed by the Court, and Mr. Felder's statutory and constitutional rights to a speedy trial, as defined in the law, will be honored with or without an order of consolidation.

The Court notes that the arguments of Defendant Diassandai Serrano do not undermine the government's Motion to Consolidate. However, Mr. Serrano's arguments may raise the

question of whether his case should be severed from that of his codefendants entirely. Counsel for Mr. Serrano and the government are encouraged to confer to determine whether an agreement on that issue can be reached prior to briefing.

For the reasons stated above, the Government's Motions to Consolidate in Criminal Action Nos. 13-59 (Doc. 157) and 13-62 (Doc. 365) are hereby **GRANTED.**

To the extent that this joinder creates, in the opinion of defense counsel, a need to file additional pre-trial motions **stemming from the consolidation of the cases only**, the deadline for those motions is **January 5, 2015.** The Government's response to any such motion is due on or before **January 19, 2015**.

December 9, 2014
    s\Cathy Bissoon
    Cathy Bissoon
    United States District Judge

cc (via ECF email notification):

All Counsel of Record